NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARTHA GREENBLATT AND MARTIN GREENBLATT, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 12-4575 (ES) (JAD) |
| v. | : : | OPINION & ORDER |
| HOWARD KLEIN, | : : | |
| Defendant. | : : : | |

**SALAS, DISTRICT JUDGE**

## I. INTRODUCTION

Before the Court are Defendant Howard Klein's Motion for Summary Judgment, (D.E. No. 55), and Plaintiffs Martha Greenblatt and Martin Greenblatt's ("Plaintiffs") Cross-Motion for Judgment on the Pleadings, (D.E. No. 56). The Court has considered the motions and issues its decision without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, Defendant's motion is GRANTED and Plaintiffs' motion is DENIED. Plaintiffs' complaint is dismissed in its entirety.

## II. BACKGROUND[1]

---

[1] These background facts are taken in part from the parties' statements of undisputed material facts. (D.E. No. 55, Defendant Howard Klein's Statement of Material Facts ("Def. SMF"); D.E. No. 56, Statement of Material Facts in Lieu of an Affidavit ("Pl. SMF")). The Court notes that Plaintiffs have submitted their Statement of Material Facts and Brief in Support of Cross Motion for Judgment on the Papers in a single document. (Pl. SMF). The Statement of Material Facts is found at pages 1-27, and the Brief in Support of Cross Motion on the Pleadings is found at pages 28-73). (*Id.*). In addition, Plaintiffs' Statement of Material Facts appears to contain both the Statement of Material Facts and portions of Plaintiffs' legal arguments in opposition to Defendants' motion for summary judgment. (*Id.* at 1-27). Generally, the Court must "disregard all factual and legal arguments, opinions and any other portions of the 56.1 Statement which extend beyond statements of facts." *Globespanvirata, Inc. v. Tex. Instrument, Inc.*, 2005 WL 3077915, at *2 (D.N.J. Nov. 10, 2005); *see also* L. Civ. R. 56.1 ("Each statement of material facts . . . shall not contain legal argument or conclusions of law."). However, in the interest of judicial economy, the Court will attempt to parse Plaintiffs' Statement of Material Facts from its legal argument in opposition to Plaintiff's motion. In addition, though

1

At all relevant times, Plaintiff Martha Greenblatt was the legal owner of property located at 75-77 Somerset Street, North Plainfield, Somerset County, New Jersey ("the property"). (Def. SMF ¶ 2; Pl. SMF ¶ 1).[2] Her husband, Plaintiff Martin Greenblatt, was the property's manager. (Def. SMF ¶ 3; Pl. SMF ¶ 2). The property was zoned "mixed use," and housed both residential and commercial tenants. (Def. SMF ¶ 4; Pl. SMF ¶ 4).

At all relevant times, Defendant was employed as the Construction Code Official and Building Sub-Code Official for the Borough of North Plainfield, Somerset County, New Jersey ("the Borough"). (Def. SMF ¶ 1).

At some point prior to June 2012, Plaintiffs erected a structure on their property to prevent surrounding property owners from dumping garbage and waste on the property, (Def. SMF ¶ 9; Pl. Opp. Br. at 30-31). Previously, Plaintiffs had a chain link fence for this purpose, but they replaced it with a structure made out of cinder blocks. (D.E. No. 55-2, Ex. D ("Greenblatt Dep.") at 14:22-15:13).

Also at some point prior to June 2012, Plaintiffs leased a portion of their property to Reverend Carlos Garcia. (Def. SMF ¶ 8; Greenblatt Dep. at 7:9-25). Plaintiff Martin Greenblatt testified that when he rented the property to Rev. Garcia, he was aware that "he intended to open up a Pentecostal Church." (Def. SMF ¶ 8; Greenblatt Dep. at 8:1-7).

---

the Court will strive to highlight any dispute, the Court will deem any statement of fact which was not denied by Plaintiff with a citation to the record as undisputed for purposes of this motion. *See McCann v. Unum Provident*, 921 F. Supp. 2d 353, 359 (D.N.J. 2013) ("[F]ailure to reference evidence of record demonstrates that there is no reason to disbelieve the statements of fact contained in the Paragraphs at Issue. The Court will thus deem the facts recited in the Paragraphs at Issue to be undisputed . . . .") (internal citation omitted); *Maultsby v. Rih Acquisitions NJ, LLC*, 2011 WL 6779556, at *2 n.1 (D.N.J. Dec. 27, 2011) ("For those statements of facts for which plaintiff did not properly deny with a citation to the record, and for which the Court finds supported in the record, the Court deems them admitted.").

[2] Plaintiffs sold the property on May 21, 2013. (Def. SMF, Ex. D (Deposition of Martin Greenblatt ("Greenblatt Dep.")) at 6:15-18).

On or about June 14, 2012, Defendant observed the cinder block structure on Plaintiffs' property and served Plaintiffs with a Notice of Violation and Order to Terminate (NOVOT 1) for "construction of retaining wall without permits." (Def. SMF ¶ 10; Pl. Opp. Br. at 31; Def. SMF, Ex. B (Somerset County Construction Board of Appeals Decision "SCCOBA Decision") at 2; Def. SMF Ex. B-C (NOVOT 1)).

Several days later, on or about June 18, 2014, Defendant issued Plaintiffs a second NOVOT for "use of a rear portion of the building as a place of worship without permits or certificate of occupancy." (Def. SMF ¶ 18; Pl. Opp. Br. ¶ 31; SCCOBA Decision at 5; Def. SMF, Ex. B-G (NOVOT 2)). Defendant asserts that he learned about the alleged place of worship from the Borough Fire Inspector, Captain Bruce Sadlon, who advised him that he found "an illegal place of worship" while inspecting the property. (Def. SMF ¶ 12). Defendant asserts that he joined Captain Sadlon to confirm the "illegal place of worship" on the property. (*Id.*).

On or about June 20, 2012, Plaintiffs filed an application to appeal the NOVOTs with the Somerset County Construction Board of Appeals. (SCCOBA Decision at 1). With respect to NOVOT 1, Plaintiffs argued that the cinder block structure was a "fence," and not a "wall." (SCCOBA Decision at 2-3). The applicable regulations require permits for *walls* greater than 48 inches in height, and for *fences* greater than 72 inches in height. (*Id.*). The cinder block structure was 57 inches in height. (Def. SMF ¶ 16; Pl. Opp. Br. at 31).

On July 9, 2012, Plaintiffs applied for a "posthumous" permit to build the wall. (Def. SMF ¶ 14). However, Defendant required Plaintiffs to obtain a certified survey of the property prior to obtaining the permit. (Def. SMF ¶ 15). Defendant asserts that he required the survey because he had a "good faith belief that a portion of the cinder-block wall was on an adjacent neighbor's property." (*Id.*).

3

On July 11, 2012, the SCCOBA upheld both violations and ordered Plaintiff Martha Greenblatt to pay $4,000.00 in fines. (Def. SMF Ex. A, SCCOBA Hearing Tr. at 125:9-127:10). It issued a written decision on November 29, 2012. (SCCOBA Decision at Cover Page).

Plaintiff Martin Greenblatt commenced this action on July 20, 2012, alleging five causes of action: (1) harassment, (2) violation of the Fourth Amendment, (3) violation of the exclusionary rule, (4) violations of the Takings Doctrine, and (5) violation of 18 U.S.C.A. § 1001 for fraud and false statements. (D.E. No. 1, Complaint ¶¶ 12-67). He amended his Complaint on October 2, 2012 to add Plaintiff Martha Greenblatt. (D.E. No. 6, Amended Complaint ("Am. Compl.")). Defendant answered the Complaint on October 10, 2012, (D.E. No. 7, Answer), and answered the Amended Complaint on October 19, 2012 (D.E. No. 10, Answer to Amended Complaint). On May 6, 2013, Plaintiffs filed a Motion for an Injunction and Restraining Order, (D.E. No. 19), which the Court denied following oral argument, (D.E. No. 23, Order).

Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (D.E. No. 55, Defendant Howard Klein's Brief in Support of Motion for Summary Judgment ("Def. Mov. Br.")). In response, Plaintiffs opposed Defendant's motion and simultaneously moved for judgment on the pleadings. (D.E. No. 56, Plaintiffs' Opposition to Motion to Dismiss and Motion for Judgment on the Pleadings, ("Pl. Opp. Br.")). No additional briefs were filed, and both parties' motions are now ripe for resolution.

### III.   LEGAL STANDARD

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and if, when "viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to a judgment as a matter of law." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d

4

Cir. 2001 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists for trial when a reasonable finder of fact could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "To be material, a fact must have the potential to alter the outcome of the case." *DeShields v. Int'l Resort Props. Ltd.*, 463 F. App'x 117, 119 (3d Cir. 2012).

The moving party must first show that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. If the movant meets this burden, the burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. Although the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party, *see Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995), the non-moving party must offer specific facts that establish a genuine issue of material fact—not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings, or unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Celotex,* 477 U.S. at 324; *Longstreet v. Holy Spirit Hosp.*, 67 F. App'x 123, 126 (3d Cir. 2003).

### IV.  DISCUSSION

#### A. Claim Preclusion and Issue Preclusion

Defendant argues that summary judgment should be granted because Plaintiffs claims are barred by the doctrine of res judicata (claim preclusion). (Def. Mov. Br. at 5). Alternatively, Defendant argues that, even if the entire Complaint is not subject to dismissal, the doctrine of

collateral estoppel (issue preclusion) bars Plaintiffs' claims based on Fourth Amendment violations and the exclusionary rule. (*Id.*).[3]

Specifically, Defendant argues that Plaintiffs "brought an almost identical lawsuit in New Jersey Superior Court under Docket No. SOM-L-1332-12 which was based on the exact same facts that this claim is based upon." (Def. Mov. Br. at 5). In that action, Plaintiffs brought claims against Defendant Klein, as well as SCCOBA, and individuals Jack Marold, Barry van Horn, John Cilo, Jr., Steven Rodzinak, and David Meyers. (D.E. No. 55-2, Ex. E, November 8, 2013 Opinion and Judgment ("Superior Court Opinion") at 1). They alleged that SCCOBA's "decision was arbitrary, capricious, and unreasonable," and that certain Defendants' observations of the property violated their rights under the Fourth Amendment. (*Id.* at 5).

The Hon. Hany A. Mawla, J.S.C., issued an Opinion and Judgment holding that (1) Martin Greenblatt had standing generally to appeal the SCCOBA decision to the court, (2) no Fourth Amendment violation occurred because Plaintiffs lacked standing as to that specific claim, (3) the SCCBOA did not act unreasonably, arbitrarily, or capriciously and there was no reason to reverse their decision in connection with the house of worship, (4) the Borough properly issued the NOVOT regarding the retaining wall, and (5) the SCCBOA did not act unreasonably, arbitrarily or capriciously in holding that Plaintiff required a permit prior to erecting a retaining wall on its property. (Superior Court Opinion at 7-12). Judge Mawla also denied Plaintiffs' Motion for Reconsideration of the Superior Court Opinion. (D.E. No. 55-2, Ex. F, January 17, 2014 Opinion and Judgment).

---

[3] Defendant also argued that all claims against him should be dismissed in their entirety because he has qualified immunity from suit. (Def. Mov. Br. at 11). The Court does not address this argument because it decides these motions on other grounds.

6

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Reaves v. Pa. Bd. of Prob. and Parole*, 580 Fed. App'x 49, 52 (3d Cir. 2014) (quoting *Parklane Hoisery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Notably, issue preclusion has less demanding party parity requirements than claim preclusion. *See Peloro v. United States*, 488 F.3d 163, 175 (3d Cir. 2007) ("Under the modern doctrine of non-mutual issue preclusion . . . a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary.").

In this case, given the differences in several of the defendants and causes of action in the two actions, issue preclusion is the proper framework for the Court's analysis. *See Reaves*, 580 Fed. App'x at 53 ("Under the circumstances, including the different defendants in the two actions, we think that issue preclusion, rather than claim preclusion, should govern our analysis."). Under New Jersey law, the party asserting issue preclusion must demonstrate: "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Howe v. Litwack*, 579 Fed. App'x 110, 114 (3d Cir. 2014) (internal quotations omitted). The Court finds that issue preclusion bars Plaintiffs' second cause of action (violation of the Fourth Amendment) and third cause of action (violation of the exclusionary rule).

Plaintiffs assert that their Fourth Amendment rights were violated when Defendant allegedly entered the property without a warrant and viewed Rev. Garcia's impermissible house of worship. (Am. Compl. ¶¶ 38-53). This issue is identical to one that Judge Mawla decided in the Superior Court Opinion. As Judge Mawla wrote, "Plaintiffs assert that their Fourth Amendment rights were violated when the Fire Official and the Zoning Official viewed the property, then entered onto it and discovered the existence of a Church occupying the property without a Certificate of Occupancy." (Superior Court Opinion at 9). In addition, the issue was actually litigated in the proceeding before Judge Mawla, and Judge Mawla issued a final judgment on the merits. Specifically, Judge Mawla ruled that Plaintiffs' Fourth Amendment claim failed because Plaintiffs lacked standing to bring it. *Id.* at 10. Citing *Beatty v. Twp. of Elk*, No. 8-2235, 2010 WL 1493107 (D.N.J. Apr. 14, 2010), Judge Mawla determined that Plaintiffs' mere ownership of their property did not confer standing to bring a Fourth Amendment claim because Plaintiffs could not establish (1) a reasonable expectation of privacy in the searched property, or (2) a manifest subjective expectation of privacy in the property searched. (*Id.* at 9). The determination of this issue was essential to the judgment that this case, as it resulted in the dismissal of Plaintiffs' Fourth Amendment claims. Finally, Plaintiffs here were a party to the prior proceeding, and they had a full and fair opportunity to litigate this claim in that action. *See Peloro v. United States*, 488 F.3d 163, 176 (3d Cir. 2007) (holding party "not entitled to another bite of the apple" and "bound by the [Court's] decision after receiving a full and fair opportunity to litigate"). Thus, Plaintiffs' Fourth Amendment claim is barred by the doctrine of issue preclusion.

The Superior Court's ruling on Plaintiffs' Fourth Amendment claims in the prior action also precludes Plaintiffs' cause of action for violation of the exclusionary rule. The crux of the exclusionary rule claim is that Plaintiffs were damaged because Defendant secured evidence

8

through means that violated the Fourth Amendment. (Am. Compl. ¶¶ 54-58). However, a violation of the exclusionary rule must stem from a Fourth Amendment violation. *United States v. Stearn*, 597 F.3d 540, 551 (3d Cir. 2010) ("To invoke the Fourth Amendment's exclusionary rule, a defendant must demonstrate that his own Fourth Amendment rights were violated by the challenged search or seizure.") (citing *Rakas v. Illinois*, 439 U.S. 128, 132-34 (1978)). Because Judge Mawla found that no Fourth Amendment violation exists, there can be no violation of the exclusionary rule.

As a result, Plaintiffs' claims under the Fourth Amendment and exclusionary rule are barred by the doctrine of issue preclusion and must be dismissed. The remaining causes of action are (1) harassment, (4) violations of the Takings Doctrine, and (5) violation of 18 U.S.C.A. § 1001 for fraud and false statements. (Am. Compl.).

### B. Harassment

Plaintiff's first remaining cause of action is for "harassment." (Am. Compl. ¶¶ 15-37). However, "New Jersey law has not recognized harassment as a free-standing civil cause of action for damages." *Hodge v. McGrath*, 2014 WL 6909499, at *1 (N.J. Super. Ct. App. Div. Dec. 10, 2014) (citing *Juzwiak v. Doe*, 415 N.J. Super. 442, 454-55 (App. Div. 2010); *Aly v. Garcia*, 333 N.J. Super. 195, 203-04 (App. Div. 2000)).[4] Plaintiff has not cited any federal law or statute under which his harassment claim may arise. As a result, Plaintiff has not pled or established any facts sufficient to sustain a cause of action for harassment, and therefore Defendant is entitled to summary judgment.

---

[4] Some courts in New Jersey have noted that, though a civil cause of action for harassment has not been recognized, "[i]t suffices to recognize . . . that a civil claim of harassment would be subject to the same analysis given to an intentional infliction of emotional distress claim . . . which requires evidence of physical illness or serious psychological sequelae capable of being diagnosed by trained professionals." *Griffin v. Royle*, No. 133-11, 2013 WL 5337527, at *1 (N.J. App. Div. Sept. 25, 2013). Thus, even if the Court were to construe Plaintiff's harassment claim as a claim for intentional infliction of emotional distress, it would fail because there is no evidence that Plaintiffs experienced any physical or psychological illness as a result of Defendant's actions.

### C. Violations of the Takings Doctrine

Plaintiff next alleges that Defendant violated the Takings Clause of the Fifth Amendment. (Am. Compl. ¶¶ 59-64). Specifically, Plaintiff alleges that "defendant Klein's continuous harassment, causing plaintiff's [sic] to direct their attention to the various contrivances and demands of defendant Klein" caused Plaintiffs to be "precluded from moving forward in having the premises rented to derive an income to help defray the various expenses in maintaining the building." (*Id.* ¶ 60).

"The Takings Clause of the Fifth Amendment prohibits the federal government from taking private property for public use without providing just compensation." *Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir. 2012). It is applicable "to state action through the Fourteenth Amendment." *Id.* (citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980)). The state's direct appropriation of private property is considered a *per se* taking. *Id.* But where, as here, the party asserts a regulatory taking, the court must engage in a factual inquiry to determine whether a taking has been effected. *Id.* at 370-71 (citing *New Jersey v. United States*, 91 F.3d 463, 468 (3d Cir. 1996)).

First, the Court must determine whether the "government's action deprives a landowner of all economically viable uses of his or her property." *Cowell v. Palmer Twp.*, 263 F.3d 286, 291 (3d Cir. 2001) (citing *Lucas v. South Carolina Coastal Counc.*, 505 U.S. 1003, 1019 (1992)). If yes, "the government must pay just compensation unless 'background principles of the State's law of property and nuisance' would restrict the owner's intended use of the property." *H & R Grenville Fine Dining, Inc. v. Borough of Bay Head*, 1001 WL 6339815, at *21 (D.N.J. Dec. 19, 2011) (quoting *Lucas*, 505 U.S. at 1029). But "if the regulation does not deny all economically beneficial uses under *Lucas*," the Court must apply the analysis outlined in *Penn Central Transp.*

10

*Co. v. New York City*, 438 U.S. 104 (1978), to determine whether a compensable taking occurred. *Id.* Under *Penn Central*, the Court must consider "economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations . . . [and] the character of the governmental action." *Penn Central*, 438 U.S. at 124.

As an initial matter, Plaintiffs have not alleged the existence of any *government regulation* giving rise to a Takings Clause violation. Rather, they assert that Defendant's "harassment" caused Plaintiffs to divert their attention away from seeking rental income, and put them under pressure to sell the property. (Pl. Opp. Br. at 48). Plaintiffs' claim fails for this reason alone. *See H & R Grenville*, 2011 WL at *21.

However, even assuming that Defendant's actions constitute a regulatory act, Plaintiffs still have no claim under the Fifth Amendment Takings Clause. Plaintiffs' alleged regulatory taking has not denied them all economically beneficial uses of their property—there is no reason why Plaintiffs could not continue to use or rent it. Thus, there is no total economic deprivation under *Lucas*, and the Court must analyze the regulation's economic impact, focusing on the extent to which it interfered with investment-backed expectations and the character of the governmental action. *Penn Central*, 438 U.S. at 124. Here, the economic effect of Defendant's actions on Plaintiffs was minor, at worst. The property remained usable and leasable to a variety of tenants, including its residential tenant. Plaintiffs summarily allege that they were precluded from renting the premises, but have not put forth any evidence supporting their assertion. Moreover, to the extent that Plaintiffs' argument stems from their inability to rent their property to Mr. Garcia, courts in this Circuit have routinely held that restrictions on specific property uses do not constitute regulatory takings. *See, e.g., Elsmere Park Club Ltd. P'ship. v. Town of Elsmere*, 771 F. Supp.

646, 653 (D. Del. 1998) (holding that regulation preventing use of apartment complex basement for residences did not constitute a taking because much of property remained unaffected).  The Court also does not find any interference with investment-backed expectations, as Plaintiffs were in a position to know of the applicable building code rules prior to owning and leasing the property. *See Loreto Development Co., Inc. v. Village of Chardon, Ohio*, 149 F.3d 1183 (6th Cir. 1998) (Plaintiff "should have known about the property restrictions . . . Accordingly, [Plaintiff] did not have a reasonable expectation about using its property for a retail store that did not prescribe to existing zoning restrictions.").  As a result, the Court concludes that the character of the governmental action does not warrant any compensation, and grants summary judgment on this claim to Defendant.

### D.  Fraud and False Statements

Plaintiffs' final cause of action alleges violation of 18 U.S.C. § 1001.  (Am. Compl. ¶¶ 65-73).  Specifically, Plaintiffs alleges that Defendant "maliciously and with evil intent" testified falsely at a hearing before the Construction Board of Appeals.  (*Id.* ¶ 68).

Plaintiffs' cause of action fails because there is no civil cause of action under 18 U.S.C. § 1001, a federal criminal code provision.  *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987); *see also Johnson v. Cullen*, 925 F. Supp. 244, 252 (D. Del. 1996) (noting lack of authority implying a civil cause of action for 18 U.S.C. § 1001, and holding that no private right of action exists).  Plaintiffs have therefore not asserted any cognizable claim, and there are no grounds on which the Court may grant Plaintiffs relief.  As a result, Defendant is entitled to summary judgment on Plaintiffs' claim fraud and false statements under 18 U.S.C. § 1001.

**V.     CONCLUSION**

For the reasons above, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiffs' motions for judgment on the pleadings.

Accordingly, IT IS on this 9th day of March 2015, hereby

**ORDERED** that Defendant's motion for summary judgment is granted; and it is further

**ORDERED** that Plaintiffs' cross-motion for judgment on the pleadings is denied; and it is further

**ORDERED** that the Clerk of the Court shall mark this case closed.

<u>s/Esther Salas</u><br>
<b>Esther Salas, U.S.D.J.</b>